Edith M. **BELKNAP** and **Kentucky Trust Company**, Executor of the Estate of **William B. Belknap, Deceased**, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

**Civ. A. No. 5189.**

United States District Court
W. D. Kentucky,
at Louisville.

June 28, 1967.

**338**

William D. Grubbs, Woodward, Hobson & Fulton, Louisville, Ky., for plaintiffs.

Ernest W. Rivers, U. S. Atty., for defendant.

BROOKS, Chief Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter having come on for trial before the Court on May 2, 1967 and the Court, having heard the evidence and considered the pleadings, stipulation and authorities submitted by the parties, finds the facts and states the conclusions of law as follows:

1. All of the jurisdictional prerequisites have been met and the Court has jurisdiction of the parties and of this action.

2. The Kentucky Trust Company is the duly appointed, qualified and acting executor of the Estate of William B. Belknap, Deceased.

3. The limestone in question was a capital asset in the hands of the Belknaps and held for more than six months prior to the agreement in question, the actual removal of the limestone in question and the taxable years in controversy.

4. The Belknaps, in disposing of the limestone in question, did not intend to, or in fact, retain an economic interest in the limestone removed by Derby Construction Company under the agreement dated February 1, 1956, the subsequent modifications, and dealings thereunder. The Belknaps were paid a fixed price per unit removed and did not share in any profit or income derived by Derby Construction Company from the resale of the limestone. The true substance of the transaction, and not the form, is determinative. Linehan v. Commissioner of Internal Revenue, 297 F.2d 276 (CA 1); Crowell Land & Mineral Corp. v. Commissioner of Internal Revenue, 242 F.2d 864 (CA 5); Gowans v. Commissioner of Internal Revenue, 246 F.2d 448 (CA 9); Barker v. Commissioner of Internal Revenue, 250 F.2d 195 (CA 2); United States v. White, 311 F.2d 399 (CA 10); Turner v. United States, 226 F.Supp. 970 (D.C.S.D., Me.); Peeler v. United States, 238 F.Supp. 640 (D.C.M.D., Ga.); Brown v. United States, 66-1 USTC § 9153 (D.C.E.D. Ark.); Green v. United States, 65-2 USTC § 9460 (D.C.M.D., Fla.); and Gitzinger v. United States, 267 F.Supp. 944 (D.C.S.D., Ohio).

5. Since no economic interest was retained, under the authorities referred to above, the payments received by the Belknaps during the taxable years in controversy were long term capital gains and not ordinary income.

6. The Belknaps thus erroneously over paid the taxes in question, and plaintiffs are entitled to recover back the sum of $33,108.01 together with

statutory interest thereon from the dates of payment and plaintiffs' complaint shall be considered as so amended as to the amount.

It is so ordered and counsel for plaintiff will submit appropriate judgment in accordance herewith.